## ABBY M. BROOKS v. FIRST PRESB. CHURCH.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued April 30, 1890—Decided May 19, 1890.

1. The Supreme Court will not hear argument upon, or consider, specifications of error based upon testimony which the appellant, in violation of the Rules of Court, has neglected to present accurately and fully in

Statement of Facts.

his paper-books, although such omission has not been made for the purpose of misleading the court.

2. In an action to recover a distributee's share of a decedent's estate, received by the defendant from the executor upon papers fraudulently obtained from the plaintiff, a record of the Orphans' Court showing the dismissal of plaintiff's exceptions to a credit taken therefor by the executor, is inadmissible as a defence, when the executor paid out the money in good faith and without notice of the fraud.

3. As between the plaintiff and the innocent executor, the plaintiff was in no condition to maintain the surcharge in the Orphans' Court, in the proceedings upon the executor's account, but the defendant in the action having the fruits of the fraud in its possession, the Orphans' Court record was no defence to the action brought to recover it back.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 331 January Term 1890, Sup. Ct.; court below, number and term not given.

On September 18, 1884, Mrs. Abby M. Brooks brought assumpsit against the First Presbyterian Church and Congregation of Meadville, declaring in the common counts.   Issue.

At the trial on January 22, 1889, a verdict was rendered in favor of the defendant, but the judgment entered thereon was reversed in the Supreme Court: Brooks v. First P. Church, 128 Pa. 408.

The record having been remitted, the case was again called for trial on January 28, 1890, before MEHARD, P. J., 35th district, holding special term.   The nature of the case presented sufficiently appears in the former report referred to.   During the trial, the following offer was made:

Defendant's counsel offer in evidence the record of the Orphans' Court of Crawford county, No. 50 September Term 1882, containing and showing the following:

The presentation of the administration account of the executor of the will of Lindley, wherein credit was claimed by him for $19,257.14, paid by him to the First Presbyterian Church; the filing of exceptions thereto by Abby Brooks, the plaintiff in the case now trying; the reference of the same to an auditor; the demand of an exceptant for an issue to be determined by the Common Pleas; the report upon the exceptions and the demand; the exceptions to the report of the auditor; the

final decree of the Orphans' Court dismissing all exceptions, and the final confirmation of the auditor's report and administration account; offered for the purpose of showing that there has been a decree of a court of competent jurisdiction distributing the assets of the estate among the parties claiming to be entitled thereto; that this plaintiff has had her day in the only court having jurisdiction of the distribution of the estate among the creditors, legatees or devisees; and that the claim of the plaintiff in this suit has been passed upon and adjudicated by the Orphans' Court against this present plaintiff.

By the court: I would not rule out the evidence on ground of its being offered out of order; but the offer is overruled, first, because the account of the executor upon which the auditor's report was based showed a balance in favor of the executor and not in favor of the estate; hence the question of distribution would not arise there, and the distributees would not be called upon to be parties; and, second, because the evidence in this case would not have sustained a judgment or decree against the executor, even had it been given in that case; and, moreover, in the opinion of the court, it would have been irrelevant to the issue which was there tried as to the fact that the assignment was made, inasmuch as there is no allegation here or proof that the accountant was at all implicated in the alleged fraud.[1]

The jury returned a verdict in favor of the plaintiff for $8,292.20. Judgment having been entered, the defendant took this appeal assigning for error:

1. The refusal of defendant's offer.[1]

2–12. The rulings of the court upon offers of testimony, and the answers to points presented for instructions.

Upon the call of the case for argument in the Supreme Court, the appellee moved that the appellant's paper-books be suppressed, and for judgment of non-pros., upon the ground that the testimony was not fully presented in the appellant's paper-books.

*Mr. Pearson Church*, for the appellant.

Upon the first assignment of error, counsel cited: Kittera's Est., 17 Pa. 422; Ashford v. Ewing, 25 Pa. 214; ·Whiteside

v. Whiteside, 20 Pa. 474; Shollenberger's App., 21 Pa. 341; Mussleman's App., 65 Pa. 480; Dundas's Est., 73 Pa. 474; Otterson v. Gallagher, 88 Pa. 355; Otterson v. Middleton, 102 Pa. 78; McGettrick's App., 98 Pa. 9; Thompson's App., 103 Pa. 603; Noble v. Cope, 50 Pa. 17; Finnel v. Frew, 81 Pa. 362; Federal Ins. Co. v. Robinson, 82 Pa. 357; Wetherald v. Van Stavoren, 125 Pa. 535; Taylor v. Cornelius, 60 Pa. 187.

*Mr. George W. Haskins*, *Mr. Joshua Douglass* and *Mr. A. B. Richmond*, for the appellee, were not heard.

In the brief filed, counsel cited: Chandler's App., 100 Pa. 262; Peterson v. Lothrop, 34 Pa. 223; Greenl. on Ev., § 523; Kittera's Est., 17 Pa. 416; Dundas's Est., 73 Pa. 474; Third Ref. D. Church's App., 88 Pa. 503; Follansbee v. Walker, 74 Pa. 306.

PER CURIAM:

When this case was called for argument, the counsel for the appellee moved that the appellant's paper-book be suppressed, and the case non-pros'd, for the reason that but a small portion of the testimony had been printed, and that portion not as delivered, but in narrative form, and that important portions had been wholly omitted, or printed in such manner as to be misleading. An examination of the record disclosed the fact that a large amount of testimony had been omitted; and, while we had no reason to suppose that it had been done for the purpose of misleading the court, yet, as the omission was in direct violation of the Rules of Court, we could not wholly disregard the motion. The first assignment, however, raised a question of law which did not depend upon the testimony, and we decided to hear the case upon that alone, declining to hear argument upon, or to consider, the remaining assignments. This statement is made as explaining why no reference is made to the assignments Nos. 2 to 12, inclusive.

The first assignment alleges error in the exclusion of the Orphans' Court record. A very few words are sufficient to show that the record was properly rejected. It is true the plaintiff appeared in the Orphans' Court, and objected to the credit of $19,257.14, which the executor had paid to the church as the residue of the estate of Alanson Lindley, deceased. But

the executor was no party to the fraud; he had paid the money out in good faith to the church, without notice, and without knowledge that the plaintiff had been overreached in the transaction. As between the plaintiff and the innocent executor, the plaintiff was in no condition to surcharge him; it would have been a wrong to have done so. But the church held the fruits of the fraud, and the plaintiff proceeded to recover it back. Under such circumstances, the Orphans' Court record was no defence, and the learned judge below committed no error in rejecting it.

Judgment affirmed.

